# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00040 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SAMUEL ROBERT CONRAD, III, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Following a bench trial in 2007, and with the agreement of the government, the defendant Samuel Robert Conrad, III, was found not guilty solely by reason of insanity of certain firearms charges. Conrad was immediately committed to the custody of the Bureau of Prisons for confinement in a suitable facility until such time as he was eligible for release pursuant to 18 U.S.C.A. § 4243(f) (West 2000). On May 15, 2007, after a hearing in this court, and based upon the advice of the director of the facility where Conrad had been evaluated, he was ordered discharged upon conditions, pursuant to § 4243(f).

On August 19, 2008, Conrad was charged by state authorities with the murder of his sister-in-law. An investigation showed that the victim had been beaten to death during the course of an argument over money. On February 4,

2010, Conrad pleaded guilty in state court to voluntary manslaughter and was sentenced to four years and seven months of imprisonment and five years of supervision following release from prison. Following this state conviction, a probation officer of this court filed a petition seeking to revoke Conrad's conditional discharge as a result of his guilty plea to the manslaughter charge, as well as his possession of a firearm, possession and use of illegal drugs, and association with a convicted felon. Following a hearing, his conditional release was revoked pursuant to 18 U.S.C.A. § 4243(g) (West 2000) and he was ordered to be taken into custody following his release from his state sentence.

Conrad appealed and the court of appeals vacated this court's order revoking Conrad's conditional release and remanded the case to this court with directions to vacate its order granting conditional release. *United States v. Conrad*, No. 10-6962 (4th Cir. Jan. 5, 2012). The court of appeals did not state the reasons for its rulings, but it appears from the briefings by the parties that the court may have determined that it was plain error for this court to have released the defendant on conditions under § 4243(f) without first having conducted a hearing on the issue of whether he should be released or indefinitely committed as provided for in 18 U.S.C.A. § 4243(e) (West 2000). *See United States v. Baker*, 155 F.3d 392, 395 (4th Cir. 1998) (holding that "a subsection (f) discharge hearing simply cannot, as

a matter of the statute's construction, take place until after a subsection (e) disposition of commitment has occurred").

In compliance with the mandate of the court of appeals, I vacated the order granting the defendant a conditional release. In the meantime, the defendant was indicted in a new case in this court, Case No. 1:11CR00042, in which he was charged with unlawful possession of firearms and conspiracy to distribute controlled substances. At the request of his counsel in this new case, Conrad was committed for a psychiatric evaluation and after the report of that evaluation was received, a competency hearing was held and he was found to be suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. *United States v. Conrad*, Case No. 1:11CR00042 (W.D. Va. May 15, 2012). As a result, he was committed to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C.A. § 4241(d) (West). *Id.*

In the present case, defense counsel does not contest that Conrad is incompetent as determined by the court in Case No. 1:11CR00042. However, he requests that Conrad be immediately adjudicated for indefinite commitment pursuant to 18 U.S.C.A. § 4243(e). Counsel reasons that such a commitment would be to Conrad's advantage since it would coincide with his present competency commitment and resolve the need for a later commitment and

transportation to a Bureau of Prisons medical facility after his competency is restored. (Mot. for Immediate Adjudication of Indefinite Commitment ¶ 5.)

I must deny counsel's motion. I believe that it would violate Conrad's due process rights for the court to make the factual determination required by 18 U.S.C.A. § 4243(e) without a hearing or without his consent. Because Conrad is incompetent, he is unable to understand the nature of a commitment hearing and properly assist his counsel in his defense. For the same reasons, he is incapable of knowingly and intelligently waiving such a hearing. *See United States v. Ruston*, 565 F.3d 892, 903-04 (5th Cir. 2009) (holding that district court erred in conducting commitment hearing of insanity acquittee without first determining that acquittee was competent).

It may be, of course, that Conrad would not be able to meet his burden of proving that his release would not create a substantial risk of bodily injury to another person. Nevertheless, he is entitled to a factual determination by the court and based upon his present incompetency, I cannot presume that he would want to waive his opportunity to make such a showing.[1]

Conrad is not prejudiced by delaying the commitment hearing until his competency is restored. The issue of his dangerousness will be considered by

---

[1] The insanity acquittee must be afforded counsel and the right "to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses." 18 U.S.C.A. § 4247(d) (West 2000).

present evidence, as of the time of the hearing. Any passage of time thus will not cause him difficulty in any attempt to meet his burden of proof.[2]

For these reasons, it is **ORDERED** that the Motion for Immediate Adjudication of Indefinite Commitment (ECF No. 130) is DENIED.

ENTER: July 17, 2012

/s/ James P. Jones
United States District Judge

---

[2] While § 4243(c) provides that a commitment hearing for an insanity acquittee must be held within 40 days of the verdict, that is because upon the verdict the acquittee must be immediately detained pending the hearing. 18 U.S.C.A. § 4243(a) (West 2000). In the present case Conrad has been lawfully detained under other judgments.